[Cite as *State v. Shipman*, 2016-Ohio-3295.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P. J. |
| | : | Hon. William B. Hoffman |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | Case No. 2016 AP 01 0002 |
| | : | |
| | : | |
| CHELITA L. SHIPMAN | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common Pleas, Case No. 2014 CR 09 0207

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       June 3, 2016

APPEARANCES:

For Plaintiff-Appellant

RYAN STYER
PROSECUTING ATTORNEY
AMANDA K. MILLER
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellee

GERALD A. LATANICH
Public Defender
153 North Broadway
New Philadelphia, Ohio 44663

*Wise, J.,*

{¶1} Defendant-Appellant Chelita L. Shipman appeals the decision of the Tuscarawas County Common Pleas Court imposing a prison sentence following a violation of community control sanctions.

{¶2} Plaintiff-Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3} On July 15, 2015, Appellant Chelita L. Shipman was placed on Community Control Sanctions for 3 years, following a guilty plea on one count of Felony Theft, a felony of the 5th Degree. As a term of her Community Control Sanction, Appellant was ordered to successfully complete the SRCCC program. The sentencing entry also notified Appellant "[t]he Court will impose a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction if the Community Control Sanctions imposed above are violated."

{¶4} On December 22, 2015, a Motion to Revoke the Community Control Sanctions was filed alleging Appellant had been terminated from the Stark Regional Community Corrections Center.

{¶5} On January 4, 2016, the trial court held a hearing on the motion to revoke. At the hearing, Appellant admitted she had been terminated but disputed the underlying reasons for the termination.

{¶6} The trial court revoked the Community Control Sanctions and ordered Appellant to serve the remainder of her prison sentence: twelve (12) months with one hundred fifty-two (152) days credit.

{¶7} Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶8} "I. A COURT ERRS IN IMPOSING A PRISON SENTENCE ON A MOTION TO REVOKE COMMUNITY CONTROL SANCTIONS WHEN IT BASES THE DECISION ON THE APPELLANTS STATUS AT THE TIME OF THE ORIGINAL SENTENCING NOT FOR THE COMMUNITY CONTROL SANCTION."

I.

{¶9} In her sole Assignment of Error, Appellant contends the trial court erred in ordering her to serve the remainder of her prison sentence following a revocation of her community control sanction. We disagree.

{¶10} As explained by this Court in *State v. Gullet,* 5th Dist. Muskingum No. CT2006–0010, 2006–Ohio–6564, ¶ 23, "[o]nce a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion." In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶11} Pursuant to R.C. §2929.15(B), if an offender violates a condition of community control, a trial court may impose:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

{¶12} Subsection (B)(2) provides:

The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.

{¶13} The gravamen of this assignment is what mechanics or "magic words" must a trial court use in revoking community control sanctions. Appellant argues the trial court's original findings during the 2015 sentencing hearing are insufficient and a *fait accompli*. Appellant argues the trial court must evaluate the community control violation and determine the appropriate punishment under R.C. §2929.11 and §2929.12 again. *See State v. Jamerson,* 5th Dist. Tuscarawas No. 2014 AP 09 0034, 2015-Ohio-2284, ¶¶ 8-11

{¶14} In sentencing Appellant to three years of community control sanctions, the trial court stated the following during the original sentencing hearing :

"The factors under R.C. 2929.12 for increasing and decreasing seriousness are not present. The applicable factors under R.C. 2929.12 indicating that recidivism is more likely outweigh those indicating that recidivism is less likely." The court discussed in its sentencing entry the basis for its finding that recidivism was more

likely including, "the offender has prior adjudications of delinquency," "the offender has a prior history of criminal convictions," "the offender has not been rehabilitated to a satisfactory degree," "the offender expresses no genuine remorse," and "the offender's ORAS score is ... high risk." The trial court chose to impose three years of community control sanctions with a relevant term being "4. That the Defendant successfully complete the S.R.C.C. Program and any recommended substance abuse treatment or counseling."

**{¶15}** The sentencing entry then notified Appellant that, "[t]he Court will impose a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction, if the Community Control Sanctions imposed above are violated."

**{¶16}** At the revocation hearing on January 4, 2016, the following exchange took place:

COURT: And knowing that, do you admit that on December fourteen, two thousand fifteen, you were unsatisfactorily terminated from the S-R-C-C-C treatment program?

THE DEFENDANT: Yes.

THE COURT: Okay. Thank you, you can be seated. Will find that Ms. Shipman knows and understands her rights, has voluntarily waived those rights. The conduct does violate the terms and conditions of supervision imposed by the Court on July thirteen, two thousand fifteen, as a term and condition of supervision. (T. at 3).

**{¶17}** The trial court then imposed sentence as follows:

THE COURT: Okay. Well, obviously if you snuck it in there, you knew it was the wrong thing to do. The, when I look back at the sentencing entry in this case from July, the, the opportunity to complete S-R-C-C-C was, was really your best chance at community sanctions. I know that your criminal history started from thirteen years old, you had even high level juvenile felonies, and a long history of Court involvement, prior incarceration. The offense in this case, the theft offense, was committed shortly after release from post-release control and you were, you presented with a very high risk score of thirty-five. All of those things really would have pointed to a prison term being imposed right out of the gate, and I gave you the opportunity to successfully complete this program. I, I'm going to find that it is appropriate to revoke the supervision and impose the twelve months with the one hundred fifty-two days credit, plus the Court costs in this case. And would remind you that post-release control is optional for up to three years. If you fail to follow post-release control supervision requirements, they could, the parole board could return you to prison for up to six additional months, or give you greater restrictions to follow while under supervision. If you commit a new felony offense while you're on post-release control, you risk having the additional time added to your sentence for the new felony. And, so while you're at the prison, you might be able to earn days of credit if you productively participate in their programming. That is something you can make further inquiry about when you get there. Okay. Thank you. (T. at 6-7).

{¶18} Appellant argues that the trial court's sentence is a punishment for violating the court's "contract for leniency".

**{¶19}** Upon review, we find Appellant's argument not well-taken. The trial court made references to Appellant's prior history, her ORAS score, and the short time period between the current theft offense and her release from post-release control in another case. Based on the foregoing, we find that the trial court clearly reviewed the sentencing purposes and the factors set forth in R.C. §2929.11 and §2929.12.

**{¶20}** Appellant's assignment of error is overruled.

**{¶21}** The judgment of the Court of Common Pleas, Tuscarawas County, Ohio is affirmed.


By: Wise, J.

Gwin, P.J., and

Hoffman, J., concur.


JWW/d 0517